United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Oakland Division

| | |
|---|---|
| ALBINA PIETRZAK, *et al.*, | No. CV11-01142 LB |
| Plaintiffs, | |
| v. | **ORDER GRANTING MOTION TO AMEND THE COMPLAINT** |
| TARGET CORPORATION, | [ECF No. 13] |
| Defendant. | |

## I. INTRODUCTION

Plaintiffs Albina Pietrzak and Bascia Michalak filed a motion to amend their complaint by adding a new defendant and minimally modifying the factual allegations to correct a misunderstanding as to the exact manner of Pietrzak's injury. Motion, ECF No. 13-1 at 3.[1] Defendant Target Corporation did not file an opposition to the motion. Because there is no showing of prejudice and the courts liberally give leave to amend the pleadings, the court grants Plaintiffs' motion.

///

///

---

[1] Citations are to the clerk's electronic case file (ECF) with pin cites to the electronic page numbers at the top (as opposed to the bottom) of the page.

ORDER GRANTING MOTION TO AMEND
CV11-01142 LB

## II. FACTS

In this diversity case, Pietrzak claims to have sustained serious personal injuries and damages, when she fell at a Target store at 5001 Junipero Serra Boulevard in Colma, California on November 22, 2010. Complaint, ECF No. 1 at 10. She alleges that she fell due to a change in friction of the floor due to an inappropriate floor wax. *Id.* Her daughter, Michalak, witnessed the fall and claims emotional distress damages. *Id.* at 12.

Plaintiffs filed their original complaint in the San Francisco Superior Court on January 14, 2011. *Id.* at 5. On March 9, 2011, Target removed the case to federal court based on diversity. Notice of Removal, ECF No. 1 at 2.

On March 11, 2011, Plaintiffs' counsel sent Target's counsel a letter asking Target to identify the provider of janitorial services to the store in Colma. Motion, ECF No. 13-1 at 2 (citing Einfeldt Decl., ECF No. 13-2 at 3, ¶ 5). On March 21, 2011, Target communicated that Excel Building Services, LLC provided the janitorial services to the store in Colma. *Id.* (citing Einfeldt Decl., ECF No. 13-2 at 2, ¶ 6). On May 18, 2011, Excel's insurance carrier contacted Plaintiffs' counsel, stating that the janitors were not on the floor at the time of the accident. *Id.* at 4 (citing Einfeldt Decl., ECF No. 13-2 at 3-4, ¶¶ 10-12).

Plaintiffs now move to amend their complaint to add Excel, a non-diverse defendant, and to minimally change the factual allegations. *Id.*

After reviewing Plaintiffs' papers, relevant legal authorities, and the record in this case, the court finds this matter suitable for disposition without oral argument. *See* N.D. Cal. Civ. L.R. 7-1(b). The court vacates the hearing set for September 1, 2011.

## III. DISCUSSION

**A. <u>General Evaluation as to Whether Plaintiffs May Amend Their Pleadings</u>**

Under Federal Rule of Civil Procedure 15, after a responsive pleading is filed, "a party may amend its pleading only with the opposing party's consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* This policy is applied with "extreme liberality." *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003).

A court considers five factors to determine whether to grant leave to amend: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff previously amended his complaint. *See Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004). Undue delay alone is insufficient to justify denial of leave to amend. *Jones v. Bates*, 127 F.3d 839, 847 n.8 (9th Cir. 1997). Of the factors, prejudice to the opposing party is the "touchstone of the inquiry under rule 15(a)" and "carries the greatest weight." *See Eminence Capital*, 316 F.3d at 1052. Absent prejudice or a strong showing on other factors, a presumption exists under Rule 15(a) favoring granting leave to amend. *See id.* The party opposing a motion to amend bears the burden of showing prejudice. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).

Plaintiffs argue that Target Corporation would not be prejudiced because Target knew that it employed Excel and even disclosed its name to Plaintiffs' counsel before formal discovery began. Motion, ECF No. 13-1 at 4. Plaintiffs also assert that Excel will not be prejudiced because Plaintiffs' counsel has already been contracted by its insurance carrier, which argued that Excel has no liability because Excel's janitors allegedly had not yet cleaned the floor at the time of the injury. *Id.* (citing Einfeldt Decl., ECF No. at 3-4, ¶¶ 10-12). Plaintiffs also claim that the slight factual changes should be allowed because they are based on new information and the claims still arise out of the same occurrence. *Id.* at 5.

Given the lack of opposition and the facts articulated by Plaintiffs, which highlight that the core allegations remain and that the changes came from new information, the court finds that there is neither bad faith nor prejudice to the opposing party.

The court also does not find undue delay. Plaintiffs learned Excel's identity on March 21, 2011. The parties informed the court of Plaintiffs' intention to file the motion on June 23, 2011. Joint Case Management Statement, ECF No. 11 at 2. Plaintiffs filed the motion on July 22, 2011. Motion, ECF No. 13 at 1. But the court finds that this four-month interval, which occurred while still early in the case, does not constitute undue delay. *Cf. Jackson v. Bank of Hawaii*, 902 F.2d 1385 (9th Cir. 1990).

Additionally, the court finds that the amendments would not be futile because they adequately state claims against Excel. Plaintiffs assert a negligence claim against Excel based on Pietrzak's

ORDER GRANTING MOTION TO AMEND
CV11-01142 LB                                    3

alleged slip-and-fall injury. Proposed Amended Complaint, ECF No. 13-2 at 13. The elements of a negligence action are: (1) the defendant had a legal duty to conform to a standard of conduct to protect the plaintiff, (2) the defendant failed to meet this standard of conduct, (3) the defendant's failure was the proximate or legal cause of the resulting injury, and (4) the plaintiff was damaged. *Ladd v. County of San Mateo*, 12 Cal.4th 913, 917 (Cal. Ct. App. 1996); *but see Alcaraz v. Vece*, 14 Cal.4th 1149, 1167 (Cal. 1997) (holding that mere maintenance is not sufficient to establish premises liability). Plaintiffs allege all of these elements. Proposed Amended Complaint, ECF No. 13-2 at 13-15, ¶¶ 32-40.

Plaintiffs also assert a negligence claim against Excel based on Michalak's alleged emotional distress at witnessing her mother's accident. *Id.* at 15. "In the absence of physical injury or impact to the plaintiff himself, damages for emotional distress should be recoverable only if the plaintiff: (1) is closely related to the injury victim, (2) is present at the scene of the injury-producing event at the time it occurs and is then aware that it is causing injury to the victim and, (3) as a result suffers emotional distress beyond that which would be anticipated in a disinterested witness." *Thing v. La Chusa*, 48 Cal.3d 644, 647 (Cal. 1989). Plaintiffs allege all of these elements. Proposed Amended Complaint, ECF No. 13-2 at 15-16, ¶¶ 43-48.

Additionally, Plaintiffs have not previously amended their complaint.

In sum, all five factors favor granting the motion to amend the complaint.

### B. **Consideration of Effect of Adding Non-Diverse Party**

If the court grants Plaintiffs' motion, they intend to add a new party whose joinder would destroy federal diversity jurisdiction. In such cases, the court may deny joinder or permit joinder and remand to state court. 28 U.S.C. § 1447(e). This issue is left to the discretion of the court. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998); *IBC Aviation Servs., Inc. v. Compañia Mexicana de Aviacion, S.A. de C. V.*, 125 F.Supp.2d 1008, 1011 (N.D. Cal. 2000). When making this assessment, a court should consider: (1) whether the party plaintiff seeks to join is required for just adjudication and would be joined under Federal Rule of Civil Procedure 19(a); (2) whether the statute of limitations would bar an action against defendant in state court; (3) whether the joinder is untimely, or there has been an unexplained delay in its request; (4) whether joinder is

intended solely to destroy diversity jurisdiction, (5) whether the claim against the defendant appears valid, and (6) whether denial of joinder will prejudice the plaintiff. *IBC*, 125 F.Supp.2d at 1011.

Although Plaintiffs did not brief this issue, the court finds that joinder and remand are appropriate in this case. First, given the additional allegations, a failure to join Excel will lead to separate and redundant actions. *See CP Nat'l. Corp. v. Bonneville Power Admin.*, 928 F.2d 905, 910 (9th Cir. 1991). Second, even though a state court action against Excel might be possible because of the statute of limitations for a negligence action is two years, Cal. Code Civ. P. § 335.1, requiring Plaintiffs to litigate essentially the same issues in two forums would be a waste of judicial resources and risks inconsistent results. *See IBC Aviation Servs.*, 125 F.Supp.2d at 1012. Third, as discussed above, the joinder is not untimely. Fourth, there is no evidence that joinder is intended solely to destroy diversity jurisdiction and the court is unwilling to impute bad motives. *See id.* at 1012. Fifth, as discussed above, the claim against Excel appears valid. Sixth, the denial of joinder will prejudice Plaintiffs by requiring them to pursue redundant litigation or forego their claims against Excel. *See id.* at 1013.

## IV.  CONCLUSION

For the foregoing reasons, the court **GRANTS** Plaintiffs' motion to amend the complaint as set forth as Exhibit 1 to Einfeldt's declaration accompanying the motion, ECF No. 13-2 at 7-17. Plaintiffs shall file the amended complaint within 21 days of this order. After the defendants are served and consent to the court's jurisdiction, the court will then remand the case to the San Francisco Superior Court.

This disposes of ECF No. 13.

**IT IS SO ORDERED**.

Dated: August 26, 2011

LAUREL BEELER
United States Magistrate Judge